# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW JERSEY,

### FEBRUARY TERM, 1859.

KNIGHT and others *vs.* PACKER and others.

If a deed is executed on the part of a debtor with an intent to delay his creditors, that intention will make the deed fraudulent in fact against his creditors.

The bill alleged that the debtor had assigned his property with the purpose of delaying and defrauding his creditors: the answer denied that there was any fraud in fact, admitted the assignment, and averred that if the property could be sold at a fair price, it would be sufficient to meet the demands of the creditors. This answer was held to be an acknowledgment that the deed was executed to prevent the property being sacrificed, and to place it beyond the reach of the ordinary process of law, and was therefore void as against creditors.

It is no justification of such a disposition of property that it will sell to better advantage than it would if sold by the sheriff under execution.

A debtor who, believing himself solvent, places his property beyond the reach of the law, whatever may be the pretence under which he cloaks the act, "hinders," "delays," and "defrauds" his creditors.

A debtor, with full knowledge that he is solvent, may, on the eve of a judgment against him, make a general assignment of his property for the benefit of his creditors, but he must do so in conformity with the statute.

Where an assignment made by a debtor in favor of creditors dictates terms to them at variance with the protection afforded to them by the statute, it is fraudulent in law.

*T. H. Dudley*, for complainants.

*P. D. Vroom*, for defendants.

THE CHANCELLOR.   This bill is filed by the complainants, on behalf of themselves and such other creditors of John Packer as shall contribute to the expenses of this suit, to set aside a deed of trust made by Packer to John W. Fennimore and Charles Stokes.   The complainants are judgment and execution creditors of Packer, and they complain of this deed as fraudulent in fact and in law, and as having been made for the purpose of delaying and defeating creditors.   The answers deny that there was any fraud in fact.   The cause is brought to a final hearing upon the bill and answers.

Although the debtor denies that he had any fraudulent intent in executing the deed, he avows that he was solvent at the time, and was able to pay his debts; and that his property, if it could be sold at a fair and reasonable price, would be sufficient to meet the demands of his creditors.   This is but an acknowledgment that he executed the deed to prevent his property being sacrificed under the impending suit at law of the complainants.   If the deed was executed on the part of the debtor with an intent to delay his creditors, that intention, being a fraudulent one, will make the deed fraudulent in fact against his creditors.   The vigilant creditor has a right to have the property of his debtor subjected by due process and course of law to the payment of his debts, and any disposition by the debtor of his property, to have it appropriated in any other way for that purpose, is in violation of the legal rights of his creditor, and is a fraud upon him.   The complainants were prosecuting at law.   They were on the eve of recovering a judgment.   At that moment the defendant executes a deed for specific real estate to Fennimore and Stokes, for the benefit of his creditors, upon certain terms in the deed specified.   He declares that he is solvent; that he has property enough to pay his debts; that he will not have it sacrificed by a sale on judgment and execution; that the creditors must take it on his terms; and to carry out these purposes, he makes

Knight *v.* Packer.

the deed of trust. That it was made for the purpose of delaying the complainants in the collection of their debts, is substantially avoided. Its justification is, that the property would sell to better advantage by the disposition he has made of it than by the sheriff under an execution. A debtor cannot take his property in this way beyond the reach of the law for his own benefit and to the delay of his creditors. He cannot, by a deed of this kind, get a further delay in paying his debts.

This case is to be examined and decided upon the acknowledged fact, that the property is sufficient to pay all the debtor's liabilities. This he admits in his answer, and the admission should be taken very strong against him, because he does not give us the value of the property, or the encumbrances upon it, or the amount of his debts, or any clue whatever by which we can approximate, by any calculation, as to how the value of the property will compare with the amount of his debts. The debtor, anticipating that his expectations would be realized, has provided for the disposition of the surplus.

" A voluntary assignment was executed by A. and B., conveying the whole of their estate and effects to C., in trust for the benefit of all their creditors. It appeared, by the answer, that the assignors executed it because they were unable to pay their debts, as they would respectively fall due and become payable, and with a view of having their effects and claims turned to the best account, and to have them, or the proceeds thereof, applied to the payment and satisfaction of their debts and liabilities, so far as the same were necessary for that purpose. It also appeared that, at the time of its execution, the assignors supposed they were solvent, and would have a surplus after paying all their debts. *Held*, that the assignment was made with the intent to hinder, delay, or defraud the creditors of A. and B." *Van Nest* v. *Yoe and others*, 1 *Sand. Ch. R.* 4. The *Vice Chancellor* in this case remarks— " The law provides that the debtor shall fulfil his obliga-

tions, and on his default it gives to the creditor his 'lawful suit' for the recovery of his demand, and the sale of the property of the debtor for its payment. This is a strict right. And the debtor who, believing himself more than solvent, places his property beyond the reach of the process of the law, whatever may be the pretence under which he cloaks the act, in the language of the statute of frauds, 'hinders' and 'delays,' and ultimately 'defrauds' his creditors. It is no answer to this argument to say, that the debtor provides an ample fund for the payment of the debt, and that the creditor is *ultimately* to be paid in full. The law gives to the *creditor* the right to determine whether his debtor shall have further indulgence, or whether he will pursue his remedy for the collection of the debt."

It may be asked, whether a debtor, on the eve of a judgment against him, and with full knowledge that he is solvent, and with property which, under the hammer of the sheriff, will more than pay his debts, may not make a general assignment under the act for the benefit of his creditors. Undoubtedly he may. The law has made this provision for the benefit of creditors, and to secure to them an equal and just division of the estates of their debtors. It secures the creditor by compelling the debtor to give an inventory of his property under oath—by compelling the assignee to give security for the faithful performance of his trust—by providing a mode to protect the *bona fide* creditor from mere fictitious demands against the estate—by exceptions to and trial of claims—by providing a mode for the sale of the property—and by securing to the creditors an easy and expeditious mode of having the trust executed. This act is for the benefit of the creditors, and not of the debtor. It is not to prevent the debtor's property from being appropriated by the creditors by due course of law, but it provides a due course of law by which it may be so appropriated. But the debtor in this case has not availed himself of the benefit of the

statute. He has chosen his own mode of assignment. He has directed his trustees to sell his property at public or private sale, and to pay such creditors as shall, within a year, exhibit their claims under oath, and to hold the surplus for his benefit.

In my judgment, the intent with which the debtor made the deed was a fraudulent one. The effect of it is to delay the complainants in the collection of their debts. The deed must, therefore, be declared fraudulent and void as against creditors.

But I consider this deed fraudulent *in law*, because it is in contravention of the assignment act. This deed is in effect an assignment of all the debtor's property for the benefit of his creditors. It conveys real estate only, and particularly describes it in the deed. But the amended bill charges that this is *all* the real estate of the debtor, and that he is possessed of no personal property within the state. These allegations are not denied, and must be taken as true.

This raises the question, whether a debtor can make an assignment of his property for the benefit of his creditors in any other mode, except under the act, which may not be avoided by judgment and execution creditor. The act directs how a general assignment shall be made and executed. If it is made in the manner the act prescribes, the creditors must submit to it. The judgment creditor must come in under the assignment, and cannot enforce his judgment against the debtor's property. The statute has guarded and protected his rights under such an assignment. But may a debtor make an assignment disregarding the provisions of the statute, and compel a creditor to come in under it?

Is this assignment good? It gives the creditors a year to present their claims. The statute gives three months. It directs the trustees or assignees to pay such claims as shall be presented under oath within a year. The statute protects the *bona fide* creditor by allowing him to file ex-

Knight *v.* Packer.

ceptions to the claim of any creditor, and to have the claim tried by a jury. This deed cuts off all creditors from any right to a dividend who do not present their claims within a year, and directs the trustees to hold the surplus for the debtor's benefit. The statute allows a creditor to avail himself of the proceeds of the debtor's estate as long as there is a fund in the hands of the assignee.

Again. This deed provides that the debtor shall remain in possession of the property, and in the receipt of the rents and profits, so long as the property remains undisposed of. Most certainly a debtor cannot make such a disposition of his property and hold his creditors at arms length. He cannot delay a judgment creditor, and say to him, "you must take satisfaction of your debt out of my property in the mode I have provided, and suspend further proceedings under your judgment." The assignment, on the face of it, is made for the benefit of creditors. But it is unreasonable and prejudicial to their interest. It puts the property beyond their reach. It is an assignment for the benefit of creditors, and yet deprives them of the benefit of the statute regulating such an assignment. It dictates terms to the creditors at variance with the protection afforded them by the statute. There is no list of creditors, or any intimation as to their number, or as to the amount of their debts, and it does not give to them what they are entitled to by law—security from the trustees for the faithful execution of the trust.

I think such a deed is void against creditors. Whether the debtor executed it with a fraudulent intent or not, it is in violation of the rights of creditors. It delays them in the collection of their debts, and must be regarded, in equity, as a legal fraud, and as such declared void as against them.